FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ MAR 24 2015 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DANNY OCAMPO and BRETTE OCAMPO
f/k/a BRETTE L. JONES,

          Plaintiffs,

    -against-

JP MORGAN CHASE BANK, N.A. as successor
to WASHINGTON MUTUAL BANK, F.A.,
CHASE HOME FINANCE, LLC, WAMU
MORTGAGE PASS-THROUGH CERTIFICATES
SERIES 2007-OA5 TRUST, BANK OF
AMERICA, N.A., as successor in interest to
LASALLE BANK NATIONAL ASSOCIATION,
as Trustee for WAMU MORTGAGE
PASS-THROUGH CERTIFICATES SERIES
2007-OA5 TRUST, and JOHN DOES 1
THROUGH 10,

          Defendants.
------------------------------------------------------------X

MEMORANDUM AND ORDER

CV 14-0008

(Wexler, J.)

APPEARANCES:

Kenneth S. Pelsinger, LLC
By:    Kenneth S. Pelsinger, Esq.
3601 Hempstead Turnpike, Suite 410
Levittown, NY 11756
Attorneys for Plaintiffs

Balfe & Holland, P.C.
By:    Lee E. Riger, Esq.
135 Pinelawn Road, Suite 125 North
Melville, NY 11747
Attorneys for Defendant JP Morgan Chase, N.A.,
    as successor to Washington Mutual Bank, F.A.

WEXLER, District Judge:

        Plaintiffs Danny Ocampo and Brette Ocampo f/k/a Brette L. Jones ("Ocampos" or

"Plaintiffs") bring this action in connection with a mortgage loan and note in the amount of $580,000.00 secured by their premises in Long Beach, New York. They assert seven causes of action against the defendants JP Morgan Chase Bank, N.A. ("Chase") as successor to Washington Mutual Bank, F.A.; Chase Home Finance, LLC, ("Chase Finance"); WaMu Mortgage Pass-through Certificates Series 2007-OA5 Trust (the "Trust"); and Bank of America, N.A. ("BofA"), as successor in interest to Lasalle Bank National Association, as Trustee for WaMu Mortgage Pass-through Certificates Series 2007-OA5 Trust (collectively, "Defendants"). The first three claims, against Chase, Chase Finance, BofA and the Trust, seek a declaratory judgment that the note was improperly transferred and therefore the obligations under the note are null and void. Plaintiffs' also brings claims of securities fraud, unjust enrichment, forgery, and for injunctive relief. Defendant Chase moves to dismiss Plaintiffs' complaint pursuant to Federal Rules of Civil Procedure ("Fed.R.Civ.P."), Rule 12(b)(6). For the reasons that follow, Defendants' motion to dismiss is granted.[1]

## BACKGROUND

### I. Plaintiffs' Complaint

The following facts are taken from Plaintiffs' complaint, or, as noted, from documents properly considered in the context of a motion to dismiss, as discussed below. On October 1, 2004, Plaintiffs received a loan from Washington Mutual Bank, F.A. ("WaMu") in the amount of

---

[1] In their opposition papers, Plaintiffs seek leave to amend the complaint to add claims for RICO, securities fraud, and REMIC. Plaintiffs have failed to seek permission for a pre-motion conference to move to amend as required by this Court's rules, the time to amend under the scheduling order has passed, nor do they provide a proposed amended complaint. Therefore, the request for leave to move to amend is denied. See La Barbera v. Ferran Enterprises, Inc., 2009 WL 367611, at *11 (E.D.N.Y. 2009) (plaintiff's motion for leave to amend complaint denied for failure to submit a proposed amended complaint and as untimely).

$480,000.00, which was secured by a mortgage on property in Long Beach, New York. Complaint ("Cmplt."), ¶ 1, 16. On April 16, 2007, WaMu made a second loan to Plaintiffs in the amount of $86,729.00, which was consolidated with the first, resulting in a total mortgage and note in the amount of $580,000.00, evidenced by a Consolidation, Extension and Modification Agreement, which together with the note and mortgage are referred to as the "CEMA" documents. Cmplt., ¶¶ 18-20. On September 25, 2008, the FDIC was appointed as a Receiver for WaMu, and pursuant to a Purchase and Assumption Agreement ("PAA"), transferred WaMu's assets and liabilities, including the CEMA documents relating to Plaintiffs' loans, to Chase, who now contends to hold the mortgage, note and CEMA documents. Cmplt., ¶¶ 24-25.

Plaintiffs allege that the Defendant Trust was created under New York state law with its own Pooling and Servicing Agreement ("PSA"), with a cut off date of May 1, 2007, after which it could not accept additional loans into the pool without jeopardizing its REMIC status[2] under the terms of the PSA. Cmplt., ¶¶ 27-29. Plaintiffs contend that any assignment of the CEMA documents to the Trust after the closing and cut-off date was illegal. Cmplt., ¶ 30.

At the time of the filing of this Complaint in January 2014, the CEMA documents had not been recorded with the Nassau County Clerk. Cmplt., ¶ 22. In 2011, Chase commenced an action in New York Supreme Court in Nassau County, 5148/2011, seeking an order that the Nassau County Clerk accept and record the CEMA documents as originals, or compel Plaintiffs to re-execute those documents as necessary to record the mortgage. Cmplt., ¶ 14-15. Plaintiffs allege here that there is no evidence that the CEMA were legally assigned or transferred, and that

---

[2]According to the complaint, REMICs are exempt from taxation under the Internal Revenue Code and other federal policy and regulation. Cmplt., ¶ 29, n. 2.

"Defendants are neither in possession of nor the owner and holder in due course of the corresponding mortgage note, because the note was separated from the mortgage, securitized and sold and transferred into a mortgage pool." Cmplt., ¶ 15. Furthermore, Plaintiffs claim the signatures on the CEMA documents sought to be recorded by Chase are forgeries and not the true and accurate copies of the CEMA documents executed by Plaintiffs. Cmplt., ¶ 23. Plaintiffs further allege that they made payments to Chase Finance pursuant to the CEMA documents in the amount of $79,018.56, which they want returned to them. Cmplt., ¶ 31.

Plaintiffs' complaint alleges seven claims: three seeking a declaratory judgment that the note was improperly transferred making Plaintiffs' obligations under the note null and void; securities fraud; unjust enrichment seeking return of the money paid to Chase under the CEMA documents; forgery; and injunctive relief to enjoin the state court action.

## II. Defendant's Motion to Dismiss

In support of its motion to dismiss, Chase[3] has submitted the CEMA documents, the PAA between Chase and the FDIC as Receiver for WaMu, letters from Chase to Plaintiff Danny Ocampo regarding the outstanding default, letters from Chase regarding the request that Plaintiff Danny Ocampo re-execute the loan documents, an affidavit reflecting efforts to obtain duplicate originals of the mortgage documents, court filings from the state court action in New York Supreme Court, Nassau County, including the complaint, the answer and counter-claims, the reply, and a decision of the Court on the parties' cross-motions for summary judgment. Also

---

[3] The complaint asserts claims against four corporate entities, and John Does 1 through 10. Cmplt., ¶¶ 4-8. Chase is the only defendant on whom a summons was served. See docket entry ("DE"), 2. Chase is the only defendant who has appeared in this case and the only party making the motion to dismiss.

included in Defendant's papers are the judgment from the New York State Court directing the Nassau County Clerk to accept as originals the CEMA documents, and a cover sheet reflecting that the documents were recorded with the County Clerk. See Affirmation of Lee E. Riger in Support fo Defendant JPMorgan Chase Bank N.A.'s Motion to Dismiss ("Def. Aff. in Supp."), Exhibits ("Exs.") A through S.

The Nassau County state court action documents allege that the CEMA documents were never recorded and the originals could not be found. That case involved two claims, seeking: 1) an order directing the Clerk to accept the copies for recording; and 2) an order directing the Plaintiffs to execute duplicate originals to effectuate a recording of the documents, pursuant to an obligation under the terms of the CEMA. Id., at Ex. J. In their answer, those defendants (the Plaintiffs here) asserted various affirmative defenses, including forgery, and counter-claims of fraud, RICO conspiracy and for frivolous litigation. Id., at Ex. K. In order entered March 2, 2012 denying Plaintiff's motion for summary judgment, that court ruled that

> Ocampo and Jones have failed to establish a prima facie showing of entitlement to summary judgment. They have not demonstrated that Chase lacks standing to bring this action or that Chase does not own the mortgages at issue. Defendants only baldly assert, for the first time in their reply papers, that "upon information and belief" WaMu securitized the subject mortgage, prior to its closing and acquisition by the FDIC, and therefore, the mortgage was pooled, barring Chase from claiming ownership and interest in the mortgages. Further defendants Ocampo and Jones have failed to demonstrate that they did not sign the original copies of the photocopied notarized mortgage documents at issue, that they did not receive funds from the plaintiff's predecessor in interest, or that they did not mortgage the property at issue to plaintiff's predecessor in interest. The signatures of defendants Ocampo and Jones on the photocopied documents at issue are notarized on the same date that the documents were executed. Further, Defendant Ocampo attests only that he believes that the plaintiff's documents are falsified, but does not deny signing the original documents.
> The signatures of both [Ocampo and Jones] are notarized on the copied original mortgage documents at issue herein. Something more than a bald assertion of forgery is required to create an issue of fact contesting the authenticity of a signature."[sic] (citations omitted).

Id., at Ex. M, at 6-7.

Similarly, that court denied the bank's motion for summary judgment for failure to produce certified copies of the agreements concerning acquisition of the mortgages. Id., Ex. M, at 8. Ultimately, on April 1, 2014, the court entered judgment directing the Nassau County Clerk to accept and record copies of the CEMA documents. Id., Ex. R: transcript of proceedings and judgment.

Defendant Chase seeks to dismiss the complaint here in its entirety. It argues that Plaintiffs have no standing to seek a declaratory judgment based on the alleged improper transfer of the mortgage and CEMA documents, or for a securities fraud claim. Defendant also argues Plaintiffs' claims are barred by res judicata since the claims were fully litigated in state court, and that Plaintiffs' seventh claim seeking injunctive relief against the state court action is moot in light of that Court's entry of judgment directing the Clerk to record the duplicate originals.[4] The Court will group similar claims and address them accordingly.

## DISCUSSION

### I. Legal Principles

#### 1. Standards on Motion to Dismiss

In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept the factual allegations in the complaints as true and draw all reasonable inferences in favor of Plaintiff. Bold Electric, Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995). In Bell

---

[4]Plaintiffs do not oppose the motion to dismiss their seventh claim for injunctive relief. Therefore, and because it is moot in light of the judgment entered in the state action, the motion to dismiss that claim is granted.

Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court rejected the standard set forth in Conley v. Gibson, 355 U.S. 41 (1957), that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," id. at 45-46. The Supreme Court discarded the "no set of facts" language in favor of the requirement that plaintiff plead enough facts "to state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although heightened factual pleading is not the new standard, Twombley holds that a "formulaic recitation of cause of action's elements will not do... Factual allegations must be enough to raise a right to relief above the speculative level." Twombley, at 555. A pleading need not contain "'detailed factual allegations,'" but must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, at 678, quoting Twombley, at 555 (other citations omitted). "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, at 679. Reciting bare legal conclusions is insufficient, and "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, at 679. A pleading that does nothing more than recite bare legal conclusions is insufficient to "unlock the doors of discovery." Iqbal, at 678-679.

When reviewing a motion to dismiss under Rule 12(b)(6), the Court may review the allegations of the complaint, as well as documents attached to or integral to the complaint, and facts of which judicial notice may properly be taken. Grant v. County of Erie, 542 Fed.Appx. 21, 23 (2d Cir. 2013) (citations omitted); Paladini v. Capossela, Cohen, LLC, 515 Fed.Appx. 63, 65

(2d Cir. 2013) (on a motion to dismiss, the district court may consider documents that are not attached to the complaint if they are integral to the complaint).

The Court here, in considering this motion, the Court has reviewed documents properly considered on a motion to dismiss, namely -- the loan documents that are integral to Plaintiff's complaint, the loan transfer documents, and the filings in the action filed in Supreme Court in Nassau County.[5] Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004) (court may look to public records, including complaints filed in state court, in deciding a motion to dismiss); Taylor v. Vermont Dept. of Educ., 313 F.3d 768, 776 (2d Cir. 2002) (public records, such as state court filings, also notably referenced in the complaint, may be considered on a motion to dismiss) (citing Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 75 (2d Cir. 1998) and Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991)); Thomas v. Venditto, 925 F.Supp.2d 352, 359 (E.D.N.Y. 2013) (when considering a motion to dismiss, the court may take judicial notice of an order in a related criminal proceeding) (citations omitted); DDR Const. Services, Inc. v. Siemens Industry, Inc., 770 F.Supp.2d 627, 635 (S.D.N.Y. 2011) (the pleadings and decisions in a related state action considered on a motion to dismiss).

II. The Present Motion

    A. Standing

        1. First and Third Claims Seeking A Declaratory Judgment

---

[5]Other documents submitted by the parties, such as the affidavits not properly before the Court on a motion to dismiss, have not been considered. The Court denies Plaintiff's request to convert this motion to one for summary judgment and limits its review for this decision to the documents properly considered on a motion to dismiss.

Plaintiffs' first claim asserts that title was never properly transferred to Chase or any of the Defendants. They allege that the CEMA note was pooled, converted into stock or stock equivalent, that for the note and stock to exist at the same time is a form of securities fraud, and that Chase is not a real party in interest. Plaintiffs therefore seek a declaration that the obligations under the note are null and void and they are entitled to the return of any payments made under the note. Cmplt., ¶ 32-46. Similarly, Plaintiffs' third claim[6] asserts that Defendants are acting as debt collectors for an entity that claims tax REMIC status, and that the assignment into the trust that established the REMIC status was too late and improper, and invalidated that status. For Defendants to continue to collect under the CEMA documents conceals the fraud, and Plaintiffs seek a declaration that the improper and illegal assignment of the CEMA documents nullifies their obligations under the note. Cmplt., ¶¶ 61-71.

a. Declaratory Judgment Claims are Premature

Defendant Chase argues that Plaintiffs have no standing to raise claims for declaratory judgment, which are more appropriately raised as defenses in a foreclosure action. New York state courts have found that no justiciable controversy exists for claims seeking a declaratory judgment of rights under or ownership of a mortgage if no foreclosure proceedings have been commenced. See Fairhaven Properties, Inc. v. Garden City Plaza, Inc., 119 A.D.2d 796, 501 N.Y.S.2d 422, 423 (2d Dept. 1986) (claim for a declaratory judgment on the priority of liens on a real estate property are premature if no foreclosure proceedings have been commenced); Shui Fong Loo v. HSBC Mortg. Corp. (USA), 36 Misc.3d 1223(A), 957 N.Y.S.2d 266 (Table)

---

[6]Plaintiffs' second claim seeks a declaratory judgment against Defendants BofA and the Trust, against which a summons was never issued and who have not appeared. That claims is not a subject of Chase's motion.

(Sup.Ct. Suff. Cty. 2012) (claim seeking a declaratory judgment that bank did not have proper possession of the mortgage note was premature until foreclosure proceedings were commenced); Smith v. The Bank of New York, 2013 WL 6334835, *6 (Sup.Ct. N.Y. Cty. 2013) (claim for a declaratory judgment regarding rights under the mortgage dismissed because no justiciable controversy exists if no foreclosure proceedings are pending); Wright v. Bank of America, N.A., 2013 WL 6409966, *4 (Sup.Ct. N.Y. Cty. 2013); see also Karamath v. U.S. Bank, N.A., 2012 WL 4327613, *7 (E.D.N.Y. 2012) (claim that mortgage was improperly assigned, causing the bank to lack standing to foreclose, should be raised as an affirmative defense in a foreclosure action), *rep. and recommendation adopted*, 2012 WL 4327502 (E.D.N.Y. 2012). Plaintiffs here seek a declaration from this Court that their obligations under the CEMA documents are null and void because the documents were improperly transferred. The Court agrees with Defendant that Plaintiffs' claims for a declaratory judgment are premature. Therefore, those claims are dismissed.

### b. No Standing to Claim Improper Assignment of Note Eliminated Obligations

The Court also finds that Plaintiffs do not have standing to seek a declaratory judgment challenging their obligations under the mortgage merely because that obligation was assigned, even if wrongfully. In the complaint itself, Plaintiffs allege that they received a first loan, and then a second one, totaling $580,000.00. At no point do they allege that they have paid that loan in full. Rather, they allege they have made payments to Chase Finance, in the amount of $79,018.56 that they want returned to them through their claim for unjust enrichment. Other courts have examined the issue of whether a plaintiff mortgagor can challenge obligations under a note that was allegedly improper assigned, and found that they do not have standing to do so.

The Second Circuit addressed the issue of the standing of plaintiff mortgagors where the mortgages had been assigned in Rajamin v. Deutsche Bank National Trust Co., 757 F.3d 79 (2d Cir. 2014). In that case, several mortgagors brought claims seeking a declaratory judgment as well as monetary and equitable relief claiming that the assignee trusts did not own the mortgages in question because of their failure to comply with assignment agreements and thus were not entitled payments under the loans. In affirming the district court's decision to grant the defendants' motion to dismiss for lack of standing, the Court first examined whether the plaintiffs had constitutional standing, which requires the plaintiffs to have some "injury in fact." The Court noted that those plaintiffs acknowledged that they took out the loans and were obligated to repay them, with interest; that they did not plead that they ever paid more than was due, nor were they asked to pay more than was due. Thus, their alleged injuries were only hypothetical, and insufficient to support constitutional standing. Id., at 85-86.

Various district court have also examined whether plaintiff mortgagors can be relieved of their obligations under a mortgage note where it was assigned. In Pollak v. Bank of America, 2013 WL 4799264, at *3 (S.D.N.Y. 2013), *appeal withdrawn*, (Mar. 14, 2014) the court addressed whether the plaintiff could challenge obligations under a note transferred with a blank indorsement. The court dismissed the claim, stating "[i]n any event, the question of *who* owns plaintiff's Mortgage is irrelevant for purposes of this case, as plaintiff admits he obtained two loans from Countrywide to purchase the Property. Common sense dictates that the mere fact there may be a dispute as to which entity has legal ownership of the Mortgage does not obviate plaintiff's contractual obligation to repay the loans." Id., 2013 WL 4799264, at *3. See also Boco v. Argent Mortg. Co, LLC, 2014 WL 1312101, at *3 (E.D.N.Y. 2014) ("any purported

assignment ... has not injured [p]laintiff because the assignment would not affect her obligation to repay her debt or otherwise alter the terms and conditions of the note and mortgage"); Zutel v. Wells Fargo Bank, N.A., 2014 WL 4700022, at *4 (E.D.N.Y. 2014) (plaintiffs have no standing to bring a claim to quiet title due to improper assignment which did not affect the plaintiffs' underlying debt or otherwise altered the terms of their loan); Barnett v. Countrywide Bank, FSB, 2014 WL 6603986, at *6 (E.D.N.Y. 2014) (plaintiffs do not have standing to quiet title based on failure to comply with assignment agreements). This Court too finds that Plaintiffs do not have standing to seek a declaration that their obligations are null and void as the result of an improper assignment of the mortgage. Therefore for this additional reason, Defendant's motion to dismiss the declaratory judgment claims is granted.

### 2. Securities Fraud Claim

Defendant also seeks to dismiss Plaintiffs' securities fraud claim on the theory that they have no standing to assert such a claim. The essence of the claim is that the Defendants engaged in a "fraudulent assignment scheme" which constituted "insider trading, securities fraud, tax evasion among other deceptive practices and schemes." Cmplt., ¶ 86-87. In opposition to this motion, Plaintiffs argue that this loan was not properly transferred pursuant to the PAA between the FDIC and Chase, and that Defendants then securitized and pooled a loan "they did not even own." See Pl. Mem. in Opp, at 1, 6-7.

Defendant argues that Plaintiffs have no standing to bring such a claim. As noted above, the Second Circuit addressed the issue of the standing of plaintiff mortgagors in Rajamin, 757 F.3d 79 (2d Cir. 2014). In addition to finding the plaintiffs had no standing to challenge defendants' lack of ownership in the notes and entitlement to payments, id., at 85, the Court
-12-

found that the plaintiffs also lacked prudential standing to challenge the assignments since they were not parties to the assignment agreements or beneficiaries under the trust. Id., at 86-90.

Similarly, in Anh Nguyet Tran v. Bank of New York, 2014 WL 1225575 (S.D.N.Y. 2014), *aff'd.*, 592 Fed.Appx. 24 (2d Cir. 2015), plaintiff mortgagors alleged that the defendant trustees never had proper ownership of the loan because of violations of the pooling service agreements, and fraudulently represented that their ownership interests and collected payments from the plaintiff mortgagors. The plaintiffs claimed that these wrongful collection efforts were RICO violations and warranted injunctions against any foreclosure proceedings. In dismissing the claims, the court reviewed other courts rulings in this Circuit and around the country, that plaintiffs who were not parties or third-party beneficiaries had no standing to assert noncompliance with pooling agreements or the assignment of plaintiff's mortgage loans. Id., 2014 WL 1225575, at *4, n. 7 (string citations omitted). Other district courts have similarly found. See Karamath v. U.S. Bank, N.A., 2012 WL 4327613, at *7 (E.D.N.Y. 2012) (mortgagor "is not a party to the PSA or to the Assignment of Mortgage, and is not a third-party beneficiary or either, and therefore has no standing to challenge the validity of that agreement or the assignment"), *rep. and recommendation adopted by*, 2012 WL 4327502 (E.D.N.Y. 2012)); Barnett v. Countrywide Bank, FSB, 2014 WL 6603986, at *4 (E.D.N.Y. 2014) (plaintiff lacks standing to challenge the securitization process of the mortgage); Obal v. Deutsche Bank Nat. Trust Co., 2015 WL 631404, at *3-4 (S.D.N.Y. 2015) (following the reasoning of Rajamin, court granted motion to dismiss mortgagor's complaint challenging the validity of the assignment of his mortgage for lack of standing); Berezovskaya v. Deutsche Bank Nat. Trust Co., 2014 WL 4471560 (E.D.N.Y. 2014), *rep. and recommendation adopted*, Berezovskaya v. Deutsche Bank

Nat. Trust Co., 2014 WL 4470786 (E.D.N.Y. 2014) (plaintiff has no standing to assert claims based on the fraudulent and improper transfer of mortgage documents as a non-party to the assignment agreement). In light of the Second Circuit decision in Rajamin and the overwhelming body of case law in accord with that ruling, the Court finds that Plaintiffs lack standing to assert a securities fraud claim as a non-party to the assignment agreements at issue, and grant Defendant's motion to dismiss.

The Court also finds that the fraud claim must also be dismissed as inadequately pled. To state a fraud claim under New York law, a plaintiff must show that the defendant: (1) made a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff. Obal v. Deutsche Bank Nat. Trust Co., 2015 WL 631404, at *7 (S.D.N.Y. 2015) (citing Wynn v. AC Rochester, 273 F.3d 153, 156 (2d Cir.2001)). Rule 9(b) of the Federal Rules of Civil Procedure requires that such a claim plead with "particularity the circumstances constituting fraud."

Plaintiffs here have also failed to adequately plead any injury. Like the plaintiffs in Rajamin, these Plaintiffs acknowledge that they took out the loans in question and have not alleged that they have been asked to make, or have they made, additional payments to these Defendants or to any other third party. Thus, like Rajamin, the Court finds that the complaint does not allege an injury to support the fraud claim, and grants Defendant's motion to dismiss the claim. Zutel v. Wells Fargo Bank, N.A.,2014 WL 4700022, at *6 (E.D.N.Y. 2014) (plaintiff's fraud claim based on the allegedly improper assignment of a mortgage is dismissed for failure to allege an injury where no additional liability under the loan is alleged); Boco v. Argent Mortg.

-14-

Co. LLC, 2014 WL 1312101, at *5 (E.D.N.Y. 2014) (plaintiff's fraud claim based on improper assignment fails because no injury has occurred where the payments were admittedly due).

B. Forgery Claim

Plaintiffs' forgery claim alleges that the CEMA documents in Defendants' possession are not signed by Plaintiffs, "but rather Plaintiffs' alleged signature on the documents are forgeries." Plaintiffs seek a declaration that the obligations thereunder are null and void. Defendant Chase seeks to dismiss this claim, arguing that the forgery claim was raised as an affirmative defense in the state court case which was litigated for three years, and that court has already ruled and entered judgment directing that the copies of the mortgage documents be recorded by the Nassau County Clerk. Def. Mem. In Supp., at 5; Def. Reply Mem., at 1. As noted above, in the course of that litigation, the Nassau Supreme Court judge ruled that

> Ocampo and Jones have failed to demonstrate that they did not sign the original copies of the photocopied notarized mortgage documents at issue, that they did not receive funds from the plaintiff's predecessor in interest, or that they did not mortgage the property at issue to plaintiff's predecessor in interest. The signatures of defendants Ocampo and Jones on the photocopied documents at issue are notarized on the same date that the documents were executed. Further, Defendant Ocampo attests only that he believes that the plaintiff's documents are falsified, but does not deny signing the original documents. The signatures of both [Ocampo and Jones] are notarized on the copied original mortgage documents at issue herein. Something more than a bald assertion of forgery is required to create an issue of fact contesting the authenticity of a signature." (sic) [citations omitted]. Here, the affidavits of the defendants fail to raise factual assertions which support their self-serving attestations regarding the 'authenticity' of their signatures.

Def. Ex. M, at 7.

A plaintiff's complaint must state more than more than recite bare legal conclusions in order to "unlock the doors of discovery." Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009). The Court finds that Plaintiffs' complaint does nothing more than state bare legal conclusions in

connection with the forgery claim. Plaintiffs allege that they took out the loans in question, and "signed a mortgage and note in the amount of $580,000.00 that is the subject of the instant litigation." Cmplt., ¶ 19. Plaintiffs do not allege any additional facts, and merely assert in a conclusory fashion that the copies of the documents sought to be recorded by Chase were forgeries. Cmplt., ¶ 23. Thus, the Court finds for the same reasons stated by the Nassau Supreme Court that Plaintiffs fail to state a claims for forgery, and grants Defendant's motion to dismiss this claim.

C. <u>Unjust Enrichment Claim</u>

To state a claim for unjust enrichment under New York law, "a plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." <u>Beth Israel Medical Center v. Horizon Blue Cross and Blue Shield of New Jersey, Inc.</u>, 448 F.3d 573, 586 (2d Cir. 2006) (citations omitted); <u>Boco</u>, 2014 WL 1312101, at *6.

In <u>Boco</u>, the court dismissed plaintiff's claim for unjust enrichment under facts similar to those here, where the plaintiff's claim was based on the assertion that the entity receiving the payments was not the proper owner because of improperly assigned mortgage documents. The court there noted that "[p]laintiff remains obligated to make loan payments under the terms of the note, and no actual, as opposed to hypothetical, threat of double recovery is alleged. Thus, [p]laintiff has failed to show that equity and good conscience would require restitution." <u>Id.</u>, at *7. So too here. Plaintiffs acknowledge that they obtained the loan and do not allege that they have paid their debt in full, or that they are otherwise not obligated to make payments under the mortgage. Their claim for unjust enrichment is based on the assertion that this Defendant is not

the proper owner, which does not constitute the "equity and good conscience" that requires restitution. Therefore, Defendant's motion to dismiss this claim is granted. See also Zutel v. Wells Fargo Bank, N.A., 2014 WL 4700022, at *7 (claim for unjust enrichment dismissed since plaintiffs do not dispute the fact that they remain liable for their mortgage debt, and fail to allege an injury for which equity and good conscience requires restitution).

## CONCLUSION

For the reasons stated above, the Defendant Chase's motion to dismiss the complaint is granted in its entirety. No other parties have appeared in this action. Accordingly, the Clerk of Court is hereby requested to enter judgment dismissing the Complaint in its entirety to close this case.

SO ORDERED.

s/ Leonard D. Wexler

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
   March 24 2015